UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| ROBERT, *formerly known as* WILLIAM BOWMAN, | § § § | No. 1:25-CV-00381-DAE |
| *Plaintiff*, | § § | |
| vs. | § § | |
| STATE OF TEXAS VITAL STATISTICS REGISTRAR OFFICE. | § § § | |
| *Defendant*. | § § | |

ORDER

Before the Court is the Report and Recommendation ("Report") filed by U.S. Magistrate Judge Mark Lane on March 31, 2025. (Dkt # 4.) The Report granted Plaintiff Robert's ("Plaintiff" or "Robert") application to proceed *in forma pauperis* and reviewed is *pro se* Complaint under 28 U.S.C. § 1915(e). The Magistrate Judge recommended dismissing all of Robert's claims for lack of subject matter jurisdiction. (Dkt. # 4 at 2–4.) Robert filed objections to the Report on April 10, 2025. (Dkt. # 7.)

The Court finds this matter suitable for disposition without a hearing. First, after clear error review of Robert's objections to the Report[1], as well as

---

[1] Robert's objections do not point to any specific error in the Report's analysis. Instead, the objections seem to acknowledge the court's lack of jurisdiction and Plaintiff suggests he seeks to "start over the right way." Such "frivolous,

1

careful consideration of the record and the governing law, the Court **ADOPTS** the Report in full as the opinion of the Court. (Dkt. # 4.) Accordingly, the Court **DISMISSES** all of Plaintiff's claims against Defendant for lack of subject matter jurisdiction.

## BACKGROUND

On March 14, 2025, Robert filed a Complaint against Defendant State of Texas Vital Statistics Registrar Office, seeking to change his name. (Dkt. # 1.) He claims his name was changed when he was a child, and he seeks to revert to his name given at birth. (Id.) Plaintiff seeks no monetary penalty and is "simply seeking a rescission/annulment of the legally changed name and birth certificate contract." (Dkt. # 1 at 4.) Magistrate Judge Lane recommended the case be dismissed for lack of jurisdiction because the case does not present a federal question and diversity jurisdiction is not alleged in the complaint. (Dkt. # 4.)

## LEGAL STANDARD

I.   Review of Report and Recommendation

The Court must conduct a de novo review of any of the Magistrate Judge's conclusions to which a party has specifically objected. See 28 U.S.C.

---

conclusive, or general objections" do not merit de novo review. Battle v. United States Parole Comm'n, 834 F.2d 419, 421 (5th Cir.1987). Here, the Court finds that Robert's objections lack merit as they do not object to anything in the Report. Accordingly, the Court applies a clear-error standard of review.

2

§ 636(b)(1)(C).  The objections must specifically identify those findings or recommendations that the party wishes to have the district court consider.  Thomas v. Arn, 474 U.S. 140, 151 (1985).  A district court need not consider "[f]rivolous, conclusive, or general objections."  Battle v. U.S. Parole Comm'n, 834 F.2d 419, 421 (5th Cir. 1987).  "A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1)(C).

Findings to which no specific, genuine objections are made do not require de novo review; the Court need only determine whether the Recommendation is clearly erroneous or contrary to law.  See United States v. Wilson, 864 F.2d 1219, 1221 (5th Cir. 1989).

## DISCUSSION

Having reviewed the Report and Recommendation, the relevant filings, and the applicable law, the Court finds no error in Judge Lane's well-reasoned analysis.  Plaintiff's objections to the Report do not challenge any specific findings.  (Dkt. # 5.)  Plaintiff merely generally alleges that "in equity the name change should not have happened" and appears to admit that "[i]f theres [sic] nothing that can be done through the courts the Lord may need to sort it out."  (Id.)

The Magistrate Judge correctly concluded that this Court lacks jurisdiction over this matter.

Even affording Plaintiff the full benefit of his *pro se* status, his objections raise no new arguments of substance. A district court need not consider "[f]rivolous, conclusive, or general objections." Battle, 834 F.2d at 421. The Court finds that Plaintiff's objections do not identify any specific factual error or legal misapplication warranting rejection of the Magistrate Judge's conclusions.

Accordingly, the Court **OVERRULES** Plaintiff's objections. (Dkt. #7.) The Report is **ADOPTED** in full.

## CONCLUSION

For the reasons given, the Court **ADOPTS** U.S. Magistrate Judge Lane's Report and Recommendation (Dkt. # 4) in full and **DISMISSES** under all claims against Defendant for lack of subject matter jurisdiction. The Clerk is **INSTRUCTED** to **CLOSE THE CASE**.

**IT IS SO ORDERED**.

**DATED:** Austin, Texas, November 21, 2025.

_____
Hon. David Alan Ezra
Senior U.S. District Judge